NOT FOR PUBLICATION

                              UNITED STATES DISTRICT COURT
                                 DISTRICT OF NEW JERSEY


SISTERS OF ST. DOMINIC OF       :
CALDWELL, NEW JERSEY,
                                :
          Plaintiff,
                                :   Civil Action No. 03-3078(JWB)
     v.
                                :       **O P I N I O N**
ALLIED IRISH BANK, p.l.c.,
                                :
          Defendant.
                                :


**APPEARANCES**:

     PODVEY, SACHS, MEANOR, CATENACCI,
      HILDNER & COCOZIELLO
     By:  Robert L. Podvey, Esquire
     One Riverfront Plaza, Eighth Floor
     Newark, New Jersey  07102
     (Attorneys for Plaintiff/
     Counterclaim-Defendant)


     KELLEY DRYE & WARREN
     By:  Richard Donovan, Esquire
          Paul L. Kattas, Esquire
     200 Kimball Drive
     Parsippany, New Jersey  07054

          - and -

     SIDLEY AUSTIN BROWN & WOOD
     By:  Roger J. Hawke, Esquire
          Benjamin R. Nagin, Esquire
     787 Seventh Avenue
     New York, New York  10019
     (Attorneys for Defendant/
     Counterclaim-Plaintiff)

**BISSELL**, <u>Chief Judge</u>

This matter comes before the Court on Defendant Allied Irish Bank's ("AIB"), appeal of an Order of the Honorable G. Donald Haneke denying AIB's motion to compel the deposition of Robert I. Podvey, Esq., who serves as trial counsel for Plaintiff, The Sisters of St. Dominic of Caldwell, New Jersey ("The Sisters"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## FACTS AND BACKGROUND

On May 12, 2005, Judge Haneke denied AIB's motion for leave to take the deposition of Robert Podvey, Esq. <u>See</u> May 12, 2005 Order, Attached to Hawke Decl., Ex. A. On June 9, 2004, Judge Haneke had signed an Amended Scheduling Order which extended the discovery deadline to August 31, 2004 and permitted AIB to proceed with attorney depositions by way of written interrogatories. On May 2, 2005, AIB's counsel drafted a letter to Judge Haneke outlining its reasons for seeking to take an oral deposition of Robert Podvey and its reasons why the deposition on written questions was not satisfactory. As noted immediately above, that motion was denied and the present appeal followed.

## DISCUSSION

I. <u>Standard of Review</u>

A United States Magistrate Judge has broad discretion in deciding a discovery motion. Fed.R.Civ.P. 72(a). "Where a

magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion." Cooper Hospital/University Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997). "This test displays considerable deference to the determination of magistrates in such matters." 7 Moore's Federal Practice ¶ 72.03(7.-3) at 72-42 (1989).

On appeal from such an order, the scope of this Court's review is narrow. Local Rule 72.1(c)(1)(A) governs appeals from non-dispositive orders of United States Magistrate Judges. It directs the Court to consider an appeal from a non-dispositive Magistrate's order and set aside any portion of it found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985); Republic of Philippines v. Westinghouse Elec. Corp., 132 F.R.D. 384, 387 (D.N.J. 1990) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

## II.  **The Magistrate's Ruling is Affirmed**

AIB claims that when it first became apparent that Mr. Podvey participated in the negotiations for, reviewed and commented upon the draft Loan Agreement, AIB sought to take his deposition or the deposition of a designee of his law firm.  AIB submits that a Rule 30(b)(6) subpoena and notice of deposition dated February 5, 2004 was served upon the Podvey firm.  AIB claims that the law firm first rejected the subpoena and then consented to a deposition of a designee of the firm on May 28, 2004.  Thereafter, Mr. Podvey's law firm rejected the subpoena and announced that no representative of the firm would appear because the subpoena was allegedly an effort to disqualify Mr. Podvey as trial counsel.  After Judge Haneke limited a deposition to written questions, AIB propounded questions to Mr. Podvey.  AIB alleges that the written answers were "in significant ways unresponsive and unsatisfactory;" however, AIB did not seek to compel further answers at that time (or at any time thereafter) but rather made a motion for summary judgment which this Court denied.  See Opinion and Order dated March 11, 2005.  In addition, Plaintiff states unequivocally that it will not call Mr. Podvey as a trial witness, and AIB makes no showing that it would need to do so.

Judge Haneke's decision regarding the manner in which discovery would be taken from Mr. Podvey and his firm was well

within the bounds of his discretion in managing such discovery. Upon receipt of inadequate answers to the written questions, AIB could have moved to compel more complete and specific answers; however, it chose not to do so. Neither Judge Haneke's decision in 2004 to employ this discovery technique nor his determination not to alter it in 2005, was "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). AIB's appeal is denied.

## **CONCLUSION**

For the reasons set forth above, AIB's appeal from Magistrate Judge Haneke's May 12, 2005 ruling is denied.

```
                           /s/    John W. Bissell
                                  JOHN W. BISSELL
                                    Chief Judge
                           United States District Court
```

DATED: August 10, 2005